William M. Audet (SBN 117456)
  waudet@audetlaw.com
"David" Ling Y. Kuang (SBN 296873)
  lkuang@audetlaw.com
Kurt D. Kessler (SBN 327334)
  kkessler@audetlaw.com
**AUDET & PARTNERS, LLP**
  711 Van Ness Avenue, Suite 500
  San Francisco, CA 94102-3275
  Telephone:   (415) 568-2555
  Facsimile:    (415) 568-2556

*Attorneys for Plaintiff Sagi Cezana, on behalf of himself and all others similarly situated, in Cezana v. Robinhood Financial LLC et al, Case No. 3:21-cv-00759-SK*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID WEIG, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>v.<br><br>ROBINHOOD FINANCIAL LLC, ROBINHOOD SECURITIES, LLC, and ROBINHOOD MARKETS, INC.,<br><br>Defendants. | Case No. 5:21−CV−00693−NC |
| THIS DOCUMENT RELATES TO:<br><br>*Cezana v. Robinhood Financial LLC et al,*<br>Case No. 3:21−cv−00759−SK<br><br>*Cheng et al. v. Ally Financial Inc. et al.,*<br>Case No. 3:21−cv−00781−SK<br><br>*Curiel−Ruth v. Robinhood Securities LLC et al.,*<br>Case No. 3:21−cv−00829−TSH<br><br>*Dalton v. Robinhood Securities, LLC et al.,*<br>Case No. 4:21−cv−00697−KAW | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N. D. CAL. CIVIL L.R. 3-12]<br><br>Judge:  Magistrate Nathanael Cousins<br><br>Trial Date:    None set<br>Action Filed:   January 28, 2021 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Days v. Robinhood Markets, Inc. et al.,*
Case No. 4:21−cv−00696−KAW

*Feeney et al. v. Robinhood Financial, LLC et al.,*
Case No. 5:21−cv−00833−SVK

*Krasowski et al. v. Robinhood Financial LLC et al.,*
Case No. 3:21−cv−00758−TSH

*Krumenacker v. Robinhood Financial, LLC et al.,*
Case No. 4:21−cv−00838−YGR

*Moody et al. v. Robinhood Financial, LLC et al.,*
Case No. 3:21-cv-00861-JCS

*Saliba v. Robinhood Markets, Inc. et al.,*
Case No. 3:21-cv-00871-JCS

*Clapp et al v. Ally Financial Inc. et al.,*
Case No. 3:21-cv-00896-JCS

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD, **PLEASE TAKE NOTICE** that pursuant to Civil Local Rules ("L.R.") 3-12 and 7-11, Plaintiff Sagi Cezana, in the related matter, *Cezana v. Robinhood Financial, LLC et al.*, No. 3:21-cv-00759-SK, hereby respectfully moves this Court to consider whether his and other recently filed cases should be related to the instant matter *Wieg v. Robinhood Financial, LLC et al.*, No. 5:21-cv-00693-NC, the lowest numbered case, filed on January 28, 2021. Plaintiff Cezana seeks an order to relate the below cases (*see* Section I, *infra*), because all identified cases (1) involve the same parties, property, transactions, or events; (2) call for determination of the same or substantially related questions of law and therefore may result in conflicting rulings before different Judges; and (3) entail unduly burdensome duplication of labor and expense. *See generally*, Civil L.R. 3-12.

## I. RELEVANT FACTUAL BACKGROUND

In late January 2021, the general public witnessed an unprecedented surge in prices for certain stocks, allowing retail investors – individual buyers and sellers – to see their holdings exponentially grow in value. On January 28, 2021, Defendants Robinhood Financial LLC, Robinhood Securities LLC, and Robinhood Markets, Inc. (collectively "Robinhood"), and other trading brokerages shut down the ability to purchase most of these surging stocks on their respective apps/platforms. And in the days that followed, these and other brokerages instituted (and at times modified) the trading limitations placed on their apps/platforms thereby affecting millions of individual retail investors who relied on them. Consumer plaintiffs like Plaintiff Cezana suffered harm and thereafter filed lawsuits alleging that Robinhood's and the other brokerages' purposeful and knowing removal of stocks like GME and AMC from its trading platform deprived retail investors of the ability to invest and in doing so violated their rights.

Many actions recently filed in this District relate to these events occurring on and after January 28, 2021. Plaintiff Cezana identifies the below list of cases filed in this District that should be related pursuant to Civil L.R. 3-12 for the reasons discussed herein.

| | Case Name | Case No. | Date Filed |
|---|---|---|---|
| 1 | *Cezana v. Robinhood Financial, LLC et al.* | 3:21-cv-00759-SK | Jan. 29, 2021 |
| 2 | *Cheng et al. v. Ally Financial et al.* | 3:21-cv-00781-SK | Feb. 1, 2021 |
| 3 | *Curiel-Roth v. Robinhood Financial, LLC, et al.* | 3:21-cv-00829-TSH | Feb. 2, 2021 |

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

| 4  | *Dalton v. Robinhood Securities, LLC et al.*        | 4:21-cv-00697-KAW | Jan. 28, 2021 |
| -- | --------------------------------------------------- | ----------------- | ------------- |
| 5  | *Days v. Robinhood Markets, Inc. et al.*            | 4:21-cv-00696-KAW | Feb. 1, 2021  |
| 6  | *Feeney et al. v. Robinhood Financial, LLC et al.*  | 5:21-cv-00833-SVK | Feb. 2, 2021  |
| 7  | *Krasowski et al. v. Robinhood Financial, LLC et al.* | 3:21-cv-00758-TSH | Jan. 29, 2021 |
| 8  | *Krumenacker v. Robinhood Financial, LLC et al.*    | 4:21-cv-00838-YGR | Feb. 2, 2021  |
| 9  | *Moody et al v. Robinhood Financial, LLC et al.*    | 3:21-cv-00861-JCS | Feb. 3, 2021  |
| 10 | *Saliba v. Robinhood Markets Inc. et al.*           | 3:21-cv-00871-JCS | Feb. 3, 2021  |
| 11 | *Clapp et al v. Ally Financial Inc. et al.*         | 3:21-cv-00896-JCS | Feb. 4, 2021  |

## II.  LEGAL STANDARD FOR RELATING CASES

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in the District as defined in Civil L.R. 3-12(a), the party must *promptly* file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b) (emphasis added). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## III.  THE ACTIONS SHOULD BE RELATED

The *Cezana* action involves substantially the same subject matter as, and overlaps defendants with, the *Wieg*, *Cheng*, *Curiel-Ruth*, *Dalton*, *Days*, *Feeney*, *Krasowski*, *Krumenacker*, *Moody*, *Saliba* and *Clapp* cases. Under the Civil L.R. 3-12(a)'s standard, the listed cases should be related.

**Same Event:** The restriction of free open trading on January 28, 2021

The cases all arise from the same common operative facts – the actions taken by Robinhood and other named Defendants that began on January 28, 2021 to restrict the trading of select securities and impacting not only market price but also harming consumer retail investors. Every complaint contains these same factual allegations describing or alluding to the real-life narrative about the rise of stocks like GameStop, AMC and others over the course of January 2021, a rise so dramatic that it captivated the nation, and the subsequent chaos because of Robinhood and other named Defendants' decision to restrict free and open market trading, the foundation of our economic system. *Compare*,

Declaration of Kurt Kessler ("Kessler Decl.") Ex. 1 ¶¶ 31-33, Ex. 2 ¶¶ 135-136, Ex. 3 ¶ 64, Ex. 4 ¶ 3, Ex. 5 ¶¶ 31-36, Ex. 6 ¶¶ 9-11, Ex. 7 ¶¶ 21-23, Ex. 8 ¶¶ 35-36, Ex. 9 ¶ 59, and Ex. 10 ¶ 12; Ex. 11 ¶¶ 134-135; *Wieg* Dkt. No. 1 ¶ 16 (similar allegations in all the complaints concerning a restriction on free and open market trading). The related complaints further uniformly alleged that the actions taken by Defendants were deliberate, purposeful, and an intentional restraint of trade. Kessler Decl. Ex. 1 ¶ 30, Ex. 2 ¶ 140, Ex. 3 ¶ 7, Ex. 4 ¶ 2, Ex. 5 ¶ 33, Ex. 6 ¶ 1, Ex. 7 ¶ 21, Ex. 8 ¶ 73, Ex. 9 ¶ 40, and Ex. 10 ¶ 12; Ex. 11 ¶ 139; Dkt. No. 1 ¶ 16. Thus, these matters clearly satisfy Civil L.R. 3-12(a)(1) to be related, as they indisputably concern the same event – the trading shutdown that began on January 28, 2021.

**Substantially Same Parties:** Robinhood and other Trading Services

The listed cases have the same or overlapping defendants: Robinhood is present as a defendant in every single case, either with its entities as sole defendant or together with other brokerage services. *See Wieg* Dkt. No. 1; *see also*, Kessler Decl. Exs 1-11. Each complaint challenges the conduct by Robinhood and/or other similar brokerages with regard to the removal of its users' ability to purchase certain securities; and alleges that Robinhood and others engaged in an unlawful restraint of trade by restricting it's the ability to purchase said securities. Ex. 1 ¶¶ 31-33, Ex. 2 ¶¶ 135-136, Ex. 3 ¶ 64, Ex. 4 ¶ 3, Ex. 5 ¶¶ 31-36, Ex. 6 ¶¶ 9-11, Ex. 7 ¶¶ 21-23, Ex. 8 ¶¶ 35-36, Ex. 9 ¶ 59, and Ex. 10 ¶ 12; Ex. 11 ¶¶ 134-137; Dkt. No. 1 ¶ 16.

Moreover, each named plaintiff seeks to certify a substantially similar nationwide class of investors generally defined as investors who traded securities on Defendants' apps or platforms; or investors adversely affected by the actions of Robinhood and the other named Defendants. Kessler Decl. Ex. 1 ¶ 48, Ex. 2 ¶ 75 Ex. 3 ¶ 82, Ex. 4 ¶ 30, Ex. 5 ¶¶ 56-58, Ex. 6 ¶ 74, Ex. 7 ¶ 29, Ex. 8 ¶ 71 Ex. 9 ¶¶ 65-66, and Ex. 10 ¶ 17; Ex. 11 ¶ 74; Dkt. No. 1 ¶ 27. Thus, these matters further satisfy Civil L.R. 3-12(a)(1) and should be related because they concern the same Defendants and the same proposed nationwide class.

**Same or Similar Claims:** Raising Common Questions of Law and Overlapping Discovery

Nearly all the actions allege claims involving a breach by Defendants of a duty it owed to retail investors, be it a breach of the fiduciary duty, the implied covenant of good faith and fair dealing, or

breach of a contractual duty – and many contain allegations of multiple such breaches, these claims are consistent across the cases. Kessler Decl. Ex. 1 ¶¶ 90-93, Ex. 2 ¶¶ 246-249 Ex. 3 ¶¶ 141-144, Ex. 4 ¶¶ 58-61, Ex. 5 ¶¶ 102-105, Ex. 6 ¶¶ 84-88, Ex. 7 ¶¶ 38-42, Ex. 9 ¶¶ 118-122, Ex. 10 ¶¶ 10-16; Ex. 11 ¶¶ 245-248; Dkt. No. 1 ¶¶ 61-64. And while the cases contain two different sets of consumer protection claims – antitrust claims and consumer protection statutory claims – they nonetheless arise from the same efforts by the same type of brokerage Defendants to limit their users from purchasing select securities during the same time period in January 2021 and thereafter. *See* Kessler Decl. Ex. 2 ¶¶ 182-206 and Ex. 3 ¶¶ 95-112; Ex. 11 ¶¶ 181-205 (*Cheng*, *Curiel-Ruth*, and *Clapp* matters alleging antitrust violations of the Sherman Act and Cartwright Act), *compare with* Ex. 1 ¶¶ 101-110, Ex. 2 ¶¶ 207-214, Ex. 3 ¶¶ 152-161, Ex. 4 ¶¶ 49-57, Ex. 5 ¶¶ 127-132, Ex. 6 ¶¶ 117-125, Ex. 9 ¶¶ 95-104, and Ex. 10 ¶¶ 48-52; Ex. 11 ¶¶ 206-213; Dkt. No. 1 ¶¶ 65-75 (*Cezana*, *Cheng, Curiel-Ruth*, *Dalton, Days*, *Feeney*, *Moody*, *Saliba*, *Clapp*, and *Wieg* actions all alleging violations of consumer protection laws like California's UCL); *see also*, Ex. 8 ¶¶ 97-103 (*Krumenacker* matter alleges a violation of a similar law, Florida's DUTPA).

In these matters, there is an obvious focus on causes of actions that relate to the protection of or restitution for consumers following the alleged misconduct by Robinhood and others in preventing investors from purchasing securities freely on the market. Similar legal questions will therefore arise, for example, over whether Defendants' individually and collectively breached their fiduciary duties given their roles in our free market system; whether Defendants' breached their contracts with their users; whether Defendants violated consumer protection statutes or acted in concert in violation of antitrust laws; whether Defendants' actions amounted to fraud; and if not intentional, whether Defendants' actions negligently harmed retail investors in the general public.

Moreover, because the underlying facts surrounding the cases are the same, most (if not all) of the discovery sought in these cases will overlap in regards to the common named Defendants, particularly Robinhood, and the common actions taken during the same narrow period of time. Accordingly, Plaintiffs in these related actions likely will seek the same or similar discovery from Robinhood, the other trading brokerages, and non-parties, and the Defendants likely will proffer common factual and legal defenses and expert witnesses in each of the cases, thus rendering separate

actions before different courts unduly duplicative, burdensome, and likely to result in conflicting results should they continue before different judges. Specifically, without relation, there is a risk of inconsistent rulings that may relate to the applicability of arbitration clauses, or the legality of Robinhood's conduct in the wake of the events of January 28, 2021.

Thus, Civil L.R. 3-12(a)(2) necessitates the relating of these cases because otherwise the overlapping questions of law and discovery will impose an unduly burdensome duplication of labor and expense upon Plaintiffs and Defendants, or worse yet, conflicting rulings and results if the cases are conducted before different Judges. Further, these cases should be related because doing so will significantly advance the interests of judicial economy; this Court faces the prospect of 12 or more separate class actions related to the exact same set of facts. These related matters satisfy Civil L.R. 3-12(a)(2).

## IV.   CONCLUSION

A simple reading of the initial factual allegations of every complaint provides a clear rationale for relating these cases together – every single complaint seeks to advocate for Robinhood's and/or other trading platforms' users, the retail investors in general, in the face of Robinhood and other named Defendants restricting the ability to trade securities, each complaint highlights the harm done to not only the consumer public and market participants, but also the underlying foundation of our free market economic system. Kessler Decl. Ex. 1 ¶¶ 1-7, Ex. 2 ¶¶ 1-15 Ex. 3 ¶¶ 1-8, Ex. 4 ¶¶ 1-3, Ex. 5 ¶¶ 31-52, Ex. 6 ¶¶ 1-14, Ex. 7 ¶ 1, Ex. 8 ¶¶ 1-10, Ex. 9 ¶¶ 1-7, Ex. 10 ¶¶ 24-28; Ex. 11 ¶¶ 1-15; and Dkt. No. 1 ¶ 2. Every single complaint seeks to represent a nationwide class in an effort to vindicate their rights and these free market principles. Every single complaint names Robinhood as Defendant. Every single complaint focuses on the events of January 28, 2021. These cases represent no longer just a risk, but the extreme likelihood of burdensome duplication of labor and expense and potential inconsistent judicial determinations regarding the same issues. For the foregoing reasons, Plaintiff Cezana respectfully requests that the Court order these cases identified herein related to *Wieg v. Robinhood Financial, LLC et al.*, Case No. 5:21-cv-00693-NC, the lowest numbered case.

Dated: February 5, 2021                                  Respectfully submitted,

                                                         s/ *David Kuang*
                                                         "David" Ling Y. Kuang

lkuang@audetlaw.com
William M. Audet
waudet@audetlaw.com
Kurt D. Kessler (SBN 327334)
kkessler@audetlaw.com
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone:     (415) 568-2555
Facsimile:     (415) 568-2556

Robert L. Lieff (SBN 037568)
rlieff@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:     (415) 956-1000
Facsimile:     (415) 956-1008

Jack Russo (SBN 096068)
jrusso@computerlaw.com
**COMPUTER LAW GROUP, LLP**
401 Florence Street
Palo Alto, CA 94301
Telephone:     (650) 327-9800
Facsimile:     (650) 618-1863

*Attorneys for Plaintiff Sagi Cezana, on behalf of himself and all others similarly situated, in Cezana v. Robinhood Financial LLC et al, Case No. 3:21−cv−00759−SK*