C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Eric D. Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendants
ROBINHOOD FINANCIAL LLC, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID WIEG,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBINHOOD FINANCIAL LLC, et al.,<br><br>            Defendants. | Case No. 21-cv-00693-NC<br><br>**STIPULATED REQUEST FOR INTRADISTRICT TRANSFER**<br><br>The Hon. Nathanael M. Cousins<br><br>Complaint Filed:    January 28, 2021 |

# NOTICE OF MOTION AND MOTION

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

  Please take notice that Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities LLC (collectively, "Robinhood") will and hereby do move the Court to transfer this action from the San Jose Division to the San Francisco or Oakland Division. This motion for intradistrict transfer is pursuant to the Northern District of California Civil Local Rules 3-2 and 7-11, and has been stipulated to by Plaintiff pursuant to Local Rule 7-12.

  This motion is based on this Notice of Motion and Motion, stipulation of the parties, the accompanying Memorandum of Points and Authorities, the pleadings and papers on

1  file with the Court in this action, and such other materials and arguments as may be presented to
2  the Court at the time of the hearing.

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4  Defendant Robinhood makes this motion for intradistrict transfer pursuant to
5  stipulation with Plaintiff.  *See* Stipulation for Intradistrict Transfer, attached as Exhibit A to this
6  Motion.  Pursuant to Civil Local Rules 3-2 and 7-11, Robinhood respectfully submits this
7  administrative motion to transfer this civil action from the Northern District of California's San
8  Jose Division to the San Francisco or Oakland Division.  Robinhood respectfully submits that
9  Plaintiff appears to have filed this action in error in the San Jose Division because Defendant is
10 located, and a substantial part of the events giving rise to the alleged events occurred, in San
11 Mateo County—not in any of the counties associated with the San Jose Division of this Court.
12 Accordingly, under this Court's Assignment Plan, this matter is properly assigned to the San
13 Francisco or Oakland Division.  Moreover, a number of related actions have been properly filed
14 in the San Francisco or Oakland Divisions, and this matter should be assigned to the San
15 Francisco or Oakland Division so that the related actions may be considered for consolidation or
16 coordination.

17 Local Rule 3-2(h) permits this Court, either on its own motion or on a party's
18 motion, to transfer a civil action to a different division within the Northern District of California
19 if:  (1) the civil action has not been assigned to the proper division pursuant to Local Rule 3-2(c);
20 or (2) it would serve "the convenience of the parties, witnesses and the interests of justice".  *See*
21 L-R 3-2(h).  Under either prong of this Rule, this matter should be administratively moved to the
22 San Francisco or Oakland Division.

23 **I.     Venue is Proper in the San Francisco Division.**

24 "[A]ll civil actions which arise in the count[y] of . . . San Mateo . . . shall be
25 assigned to the San Francisco Division or the Oakland Division."  L-R 3-2(d).  The Complaint
26 alleges that Robinhood limited its customers' ability to purchase certain securities beginning on
27 January 28, 2021, and alleges damages as a result of that decision.  (Compl. ¶¶ 16-26.)
28 Robinhood's principal place of business is at 85 Willow Rd., Menlo Park, CA 94025.  While

STIPULATED REQUEST FOR
INTRADISTRICT TRANSFER                        - 2 -
Case No. 21-cv-00693-NC

Robinhood denies any liability or damages, the events alleged in this action occurred predominantly in Menlo Park, a city located in San Mateo County.  In contrast, Robinhood is unaware of any events alleged in this action occurring in any of the counties associated with the San Jose Division of this Court.  *See* L-R 3-2(e) (listing counties).  Accordingly, under Local Rule 3-2(d), this action should be assigned to the San Francisco or Oakland Division.

None of the causes of action excepted from the Court's Assignment Plan are applicable in this matter.  *See* L-R 3-2(c), (d).  The Complaint alleges common law claims, including breach of contract, the implied duty of good faith and fair dealing, negligence, and fiduciary duties, and further asserts California statutory claims under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.  (Compl. ¶¶ 13-20.)  Therefore, the enumerated cause of action exceptions to the Court's Assignment Plan—prisoner petitions, bankruptcy, intellectual property rights, social security, federal tax suits, antitrust and securities class actions—are inapplicable here.  As a result, the default requirement that the "county in which action arises" (San Mateo County) governs the appropriate Division assignment—which is the San Francisco or Oakland Division.

## II. The Convenience of the Parties and Witnesses and the Interests of Justice Favor Transfer.

To the extent these cases are litigated in the Northern District of California (Robinhood is aware of an application that has been filed for multidistrict litigation transfer under 28 U.S.C. § 1407), it would also serve "the convenience of the parties, witnesses and the interests of justice" for this civil action to proceed in the San Francisco or Oakland Division.  *See* L-R 3-2(h).  Not only are the witnesses located in the San Francisco Division, but a number of related actions have already been filed there.  Robinhood is already named in a number of actions filed in the San Francisco Division, such as *Cheng et al. v. Ally Financial et al.*, Case No. 3:21-cv-00781-SK; *Curiel-Roth v. Robinhood Financial, LLC*, Case No. 3:21-cv-00829-TSH; *Moody, et al. v. Robinhood Financial LLC, et al.*, Case No. 3:21-cv-00861-JCS; *Saliba v. Robinhood Markets, Inc., et al.*, Case No. 3:21-cv-00871-JCS; and *Clapp, et al. v. Ally Financial Inc., et al.*, Case No. 3:21-cv-00896-JCS.  Robinhood has also been named in three actions filed in the

Oakland Division.  *Days v. Robinhood Markets, Inc., et al.*, Case No. 4:21-cv-00696-KAW; *Dalton v. Robinhood Securities, LLC, et al.*, Case No. 4:21-cv-00697-KAW; *Krasowski et al. v. Robinhood Financial, LLC, et al.*, Case No. 4:21-cv-00758-JST.  By contrast, only the above-captioned litigation and two other erroneously assigned actions were filed in the San Jose Division.  *Cezana v. Robinhood Financial LLC, et al.*, Case No. 3:21-cv-00759-SK; and *Feeney, et al v. Robinhood Financial, LLC, et al.*, Case No. 5:21-cv-00833-SVK.  And the Clerk's Office has already correctly assigned *Cezana* to the San Francisco Division.  *Cezana v. Robinhood Financial LLC, et al.*, Case No. 3:21-cv-00759-SK.  It would be more convenient and would further the interests of justice to litigate these matters within the same Division.  Otherwise Robinhood would be forced to bear and manage the logistics and costs of splitting its legal defense between the San Jose Division and the San Francisco or Oakland Divisions.

### III. Conclusion

For the foregoing reasons and pursuant to stipulation with Plaintiff, Robinhood respectfully moves that the Court administratively transfer this proceeding to the San Francisco or Oakland Division for assignment.

Dated:  February 8, 2021                    FARELLA BRAUN + MARTEL LLP

By:  */s/ C. Brandon Wisoff*
     C. Brandon Wisoff

Attorneys for Defendants
ROBINHOOD FINANCIAL LLC, et al.