1 | C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
2 | Eric D. Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
3 | Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
4 | San Francisco, CA  94104
Telephone:  (415) 954-4400
5 | Facsimile:  (415) 954-4480

6 | Attorneys for Defendants
ROBINHOOD FINANCIAL LLC, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| DAVID WIEG, | Case No. 21-cv-00693-NC |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO *CEZANA* PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| ROBINHOOD FINANCIAL LLC, et al., | The Hon. Nathanael M. Cousins |
| Defendants. | Complaint Filed:    January 28, 2021 |

DEFENDANTS' RESPONSE
TO MOTION TO RELATE
Case No. 21-cv-00693-NC

Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities LLC (collectively, "Robinhood") respectfully submit this response to Sagi Cezana's Administrative Motion to Relate Cases (ECF No. 9) ("Motion to Relate") only to address that any relation of the cases identified in Table 1 below should be within the appropriate Division, for the reasons set forth in Robinhood's Stipulated Administrative Motion for Intradistrict Reassignment (ECF No. 12) ("Robinhood's Motion").  As explained in Robinhood's Motion, the appropriate Division assignment for the actions at issue is either the San Francisco or Oakland Division.  Robinhood therefore respectfully requests the Court to grant Robinhood's Motion and reassign the case to a judge of this Court in the San Francisco or Oakland Division, and that such judge grant the Motion to Relate the cases in the San Francisco or Oakland Division.

Robinhood otherwise agrees that *Cezana* and the cases identified in Table 1[1] below should be related to this action pursuant to Local Rule 3-12(a).

**Table 1**

| | Case Name | Case Number |
|---|---|---|
| 1 | *Days v. Robinhood Markets, Inc., et al.* | Case No. 4:21-cv-00696-KAW |
| 2 | *Dalton v. Robinhood Securities, LLC, et al.* | Case No. 4:21-cv-00697-KAW |
| 3 | *Krasowski, et al. v. Robinhood Financial, LLC, et al.* | Case No. 4:21-cv-00758-JST |
| 4 | *Cheng, et al. v. Ally Financial, et al.* | Case No. 3:21-cv-00781-SK |
| 5 | *Curiel-Roth v. Robinhood Financial, LLC* | Case No. 3:21-cv-00829-TSH |
| 6 | *Feeney, et al v. Robinhood Financial, LLC, et al.* | Case No. 5:21-cv-00833-SVK |
| **7** | *Krumenacker v. Robinhood Financial, LLC, et al.* | Case No. 4:21-cv-00838-YGR |
| 8 | *Moody, et al. v. Robinhood Financial, LLC, et al.* | Case No. 3:21-cv-00861-JCS |
| 9 | *Saliba v. Robinhood Markets, Inc., et al.* | Case No. 3:21-cv-00871-JCS |
| 10 | *Clapp, et al. v. Ally Financial Inc., et al.* | Case No. 3:21-cv-00896-JCS |

The actions "concern substantially the same . . . transaction or event", thereby creating an unduly "burdensome duplication of labor and expense" upon Robinhood and a risk of "conflicting results if the cases are before different Judges".  (L-R 3-12(a).)  The foregoing cases allege, in substantially similar form, that Robinhood is subject to liability arising from its decision to temporarily limit trading of certain volatile securities during unprecedented market conditions.  *Compare, e.g.*, *Cheng, et al. v. Ally Financial, et al.*, Case No. 3:21-cv-00781-SK (N.D. Cal.)

---

[1] Since the Motion to Relate was submitted, *Daniluk v. Robinhood Financial LLC, et al.*, Case No. 4:21-cv-00980-KAW, another case predicated on similar facts, was filed in the Northern District of California.

(alleging that Robinhood violated antitrust laws when Robinhood "restricted [Plaintiffs'] ability to buy long positions in the Relevant Securities" (*Cheng* Complaint ¶ 135)), *with Days v. Robinhood Markets, Inc., et al.*, Case No. 4:21-cv-00696-KAW (N.D. Cal.) (alleging that Robinhood breached contract when "Robinhood barred its customers from buying several stocks" (*Days* Complaint ¶ 17)).  Robinhood denies any liability and intends to defend itself vigorously, which warrants relating these cases to the proper Division, before a single Court, to avoid the danger of conflicting results.

Dated:  February 9, 2021           Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By: */s/ C. Brandon Wisoff*
       C. Brandon Wisoff

Attorneys for Defendants
ROBINHOOD FINANCIAL LLC, et al.